FILED
United States Court of Appeals
Tenth Circuit

March 17, 2015

Elisabeth A. Shumaker
Clerk of Court

**UNITED STATES COURT OF APPEALS**

**FOR THE TENTH CIRCUIT**

VINCENT E. LOGGINS,

Petitioner − Appellant,

v.

BIRGET FISHER; RALPH CARR; THE
ATTORNEY GENERAL OF THE
STATE OF COLORADO,

Respondents − Appellees.

No. 15-1032
(D.C. No. 1:14-CV-02652-LTB)
(D. Colo.)

**ORDER DENYING CERTIFICATE OF APPEALABILITY**[*]

Before **BRISCOE**, Chief Judge, **TYMKOVICH** and **PHILLIPS**, Circuit Judges.

Vincent E. Loggins seeks a certificate of appealability (COA) to appeal from

the district court's dismissal of his 28 U.S.C. § 2254 application as a second or

successive application that the district court lacked jurisdiction to consider.

*See* 28 U.S.C. § 2244(b); *In re Cline*, 531 F.3d 1249, 1251-52 (10th Cir. 2008)

(per curiam). We deny a COA and dismiss this matter.

Mr. Loggins is being held at the Colorado Mental Health Institute in Pueblo,

Colorado. In commencing this action, he filed numerous documents with the district

---

[*]    This order is not binding precedent except under the doctrines of law of the
case, res judicata, and collateral estoppel. It may be cited, however, for its
persuasive value consistent with Fed. R. App. P. 32.1 and 10th Cir. R. 32.1.

court, including an application under § 2254, a prisoner complaint under 42 U.S.C. § 1983, a complaint under Title VII of the Civil Rights Act, and other items. The district court directed him to file either a § 2254 application or a prisoner complaint, but not both in the same action. Ultimately Mr. Loggins filed a § 2254 application, and the district court "proceed[ed] to review the action as filed pursuant to § 2254." R. at 166. Finding that Mr. Loggins had already pursued relief under § 2254 with regard to the conviction identified in his new § 2254 application, the district court held that the new application was a second or successive § 2254 application. Because this court had not authorized the application, the district court held that it lacked jurisdiction to consider it. The district court declined to transfer the application to this court for authorization and instead dismissed it for lack of jurisdiction.

To appeal, Mr. Loggins must obtain a COA. *See* 28 U.S.C. § 2253(c)(1)(A). For a COA, he must show "that jurists of reason would find it debatable whether the petition states a valid claim of the denial of a constitutional right and that jurists of reason would find it debatable whether the district court was correct in its procedural ruling." *Slack v. McDaniel*, 529 U.S. 473, 484 (2000).

Before this court, Mr. Loggins ignores the district court's procedural decision and focuses on the merits of his claims. The dispositive issue, however, is whether the district court correctly dismissed his new § 2254 application for lack of jurisdiction. If it lacked jurisdiction, it could not address the merits of his claims.

*See Cline*, 531 F.3d at 1251. As the district court concluded, Mr. Loggins already has pursued relief under § 2254 with regard to the conviction identified in the new § 2254 application, and this court did not authorize the new application. Accordingly, no reasonable jurist could debate the correctness of the district court's determination that it lacked jurisdiction to consider the new § 2254 application. *See Cline*, 531 F.3d at 1251. Further, no reasonable jurist could debate the district court's decision to dismiss the matter, rather than to transfer it to this court. *See id.* at 1252.

The motion to proceed without prepayment of costs and fees, as supplemented, is denied because the documents submitted to this court indicate that Mr. Loggins has monetary resources to pay the applicable costs and fees. The motion for release pending appeal, as supplemented, is denied. A COA is denied and this matter is dismissed.

Entered for the Court

ELISABETH A. SHUMAKER, Clerk
